## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BAYER HEALTHCARE, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 05-2383-KHV** |
| **DR. JOSEPH A. DEMICHAEL and** ) | |
| **CHRYSALIS INVESTMENT CORPORATION,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

### MEMORANDUM AND ORDER

Bayer Healthcare, LLC ("Bayer") filed suit against Dr. Joseph A. DeMichael and Chrysalis Investment Corporation for recovery of a past due account and for a declaratory judgment as to the amount of rebates on defendants' account. This matter is before the Court on defendants' Motion To Dismiss (Doc. #6) filed December 15, 2005. For reasons set forth below, the Court overrules defendants' motion.

### Standards For Motions To Dismiss Under Rule 12(b)(1)

The Court may only exercise jurisdiction when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." Scheideman v. Shawnee County Bd. of County Comm'rs, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)); see Fed. R. Civ. P. 12(h)(3). Plaintiff sustains the burden of showing that jurisdiction is proper, see Scheideman, 895 F. Supp. at 280, and it must demonstrate that the case should not be dismissed. See Jensen v. Johnson County Youth Baseball League, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993).

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction generally take two forms: facial attacks on the complaint or factual attacks on the accuracy of the allegations in the complaint. See Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Defendants' motion falls within the former category because the Court need not consider evidence outside the complaint.

## **Factual Background**

Plaintiff's complaint alleges the following facts:

Dr. Joseph A. DeMichael is a veterinarian, a dog breeder and the owner and principal officer of Chrysalis Investment Corporation.

Bayer markets animal flea control preparations through its Advantage products. Bayer sells its Advantage products for resale by authorized and licensed veterinarians. In 2003, Bayer offered a "Partnering With the Profession" program. The program provided quarterly and annual rebates based on the volume of Advantage products which veterinarians sold to their clients. A primary purpose of the program was to eliminate the unauthorized sale of veterinary-exclusive products to the over-the-counter market. The program provided that if a veterinarian violated Bayer's sales policy, he or she forfeited all rebates.

In 2003, defendants participated in the "Partnering With the Profession" program. Defendants resold Advantage products to clients and consumers who did not have a bona fide veterinarian/client/patient relationship as defined by the American Veterinary Medical Association. Defendants have demanded approximately $41,000 in rebates for their purchases of Advantage products in 2003. Bayer has refused to pay the rebates because defendants violated the terms and condition of the "Partnering With the Profession" program by selling Advantage products to clients with whom they did not have a bona fide

veterinarian/client/patient relationship.

On November 12 and 21, 2003, Bayer supplied $47,463.00 worth of Advantage products to defendants at their request and charged that amount to their account. As of August 15, 2005, defendants' account balance, after all just credits and allowances, was $47,434.21. Defendants refuse to make further payments on their account.

Bayer filed suit to recover $47,434.21 for the unpaid amount on defendants' account (Counts I and II). Bayer also seeks a judgment declaring that defendants are not entitled to rebates for their purchases of Advantage products in 2003 (Count III).

## **Analysis**

Defendants seek dismissal for lack of subject matter jurisdiction because the amount in controversy does not exceed $75,000 as required for diversity jurisdiction under 28 U.S.C. § 1332. Defendants argue that to satisfy the jurisdictional amount, Bayer cannot aggregate the alleged amount due on their account ($47,434.21) and the amount of rebates which they claim are due ($41,000.00). Defendants argue that the declaratory judgment claim should not be valued separately because "the rebates at issue in the declaratory count are (as expressly admitted in the Complaint) rebates against the exact amount Bayer requests payment for in Counts I and II. (See Compl. at ¶ 21-23)." Bayer argues that its claim for declaratory judgment involves redress for an amount separate from that due on defendants' account.

A plaintiff generally can aggregate claims brought against a defendant when calculating the amount in controversy, regardless whether the claims are related to each other. Suber v. Chrysler Corp., 104 F.3d 578, 588 (3d Cir. 1996); see also Snyder v. Harris, 394 U.S. 332, 335 (1969); 14A Charles Alan Wright et al., Federal Practice and Procedure: Jurisdiction 3d § 3704, at 127 (1998). A plaintiff cannot aggregate

claims, however, if the claims are alternative bases of recovery for the same harm. See Suber, 104 F.3d at 588. As to the value of plaintiff's claim for declaratory judgment, the amount in controversy is measured by the value of the object of the litigation. Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977). To determine the amount in controversy, the Court looks to the pecuniary effect an adverse declaration will have on either party to the lawsuit. City of Moore v. Atchison, Topeka & Santa Fe Ry. Co., 699 F.2d 507, 509 (10th Cir. 1983).

According to the complaint, Counts I and II involve only the unpaid amount for Advantage products which Bayer supplied on November 12 and 21, 2003. Count III involves rebates for Advantage products which Bayer supplied during the entire year. Neither party has explained how much of the alleged rebates is directly attributable to the purchases on November 12 and 21, 2003. Based on the explanation of the rebate program in the complaint and attachments, however, the maximum rebate is ten per cent of net purchases. See Exhibit B to Complaint (Doc. #1). Accordingly, only some $4,700 of the rebate amount in Count III could be an alternative claim for the amount of the purchases on November 12 and 21, 2003. The remainder of the disputed rebate amount in Count III (some $36,000) must involve other purchases in 2003. Based on the allegations in the complaint, the total amount in controversy is some $83,000 ($47,434.21 for unpaid amounts on November 12 and 21 shipments and $36,000 for disputed rebate amounts on other shipments throughout 2003), which is above the $75,000 threshold for diversity jurisdiction.[1] The Court therefore overrules defendants' motion to dismiss.

---

[1] Defendants argue that even if Bayer were to succeed on all three counts, its maximum recovery would be $47,434.21, well below the jurisdictional amount. Defendants ignore the fact that if they prevail on all three counts, Bayer will have to pay defendants $41,000 in rebates. The difference in these
(continued...)

**IT IS THEREFORE ORDERED** that defendants' Motion To Dismiss (Doc. #6) filed December 15, 2005 be and hereby is **OVERRULED**.

Dated this 22nd day of February, 2006 at Kansas City, Kansas.

              s/ Kathryn H. Vratil
              KATHRYN H. VRATIL
              United States District Judge

---

[1](...continued)
two amounts is approximately $88,000.